UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUSTIN T. RINALDI,
    *Plaintiff*,

    v.                                                 No. 3:25-cv-01214 (VAB)

ION BANK, *et al.*,
    *Defendants*.

RULING AND ORDER ON MOTIONS TO DISMISS

Justin T. Rinaldi ("Plaintiff" or "Mr. Rinaldi") has filed an action against Ion Bank and

MHC/Ion Financial ("Defendants"). *See* Compl., ECF No. 1 ("Compl."). The Defendants have

filed a motion to dismiss the action, Mot. to Dismiss, ECF No. 20, and an accompanying

memorandum in support. Mem. of Law in Support of Mot. to Dismiss, ECF No. 21 ("Mem. of

Law").

For the following reasons, the motion to dismiss is **GRANTED** without prejudice**.**

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

        A.  **Factual Allegations**

Mr. Rinaldi was an employee at Ion Bank and its predecessor from 2011 to 2015, and

again from November 2022 until his termination on March 13, 2025. Compl. ¶1. Throughout his

employment, he allegedly received positive performance reviews, commendations, and awards.

*Id.*

On November 1, 2024, Mr. Rinaldi submitted a complaint to the human resources

department alleging discrimination and a negative work environment. *Id.* ¶2. For example, he

alleges that his requests for schedule accommodations were denied, while similar requests from

others were granted; he was consistently passed over for overtime opportunities; he was singled

out for dress code compliance; he was assigned a seating arrangement that isolated him from his team members; he observed and reported inappropriate conduct by managers, including alcohol consumption during the work day. *Id.*

On February 6, 2025, Mr. Rinaldi made comments about a customer in a department group chat, stating that the individual was "on the registry" and to "be careful," with the alleged intent "to protect the bank and its employees from possible fraud." *Id.* ¶3.

On February 7, 2025, Mr. Rinaldi received an allegedly "sharply negative annual performance review" which deviated from his prior "exceeds expectations" ratings. *Id.* The review alleged that Mr. Rinaldi exhibited disrespectful behavior, lacked emotional control, and made co-workers uncomfortable. *Id.* This new rating allegedly disqualified Mr. Rinaldi from a merits-based raise. *Id.*

On February 12, 2025, Mr. Rinaldi submitted a written rebuttal to his annual performance review. *Id.*

On February 18, 2025, Kerri Bastien, Mr. Rinaldi's supervisor, allegedly sent him a "final written warning" in response to the comments he made on February 6, 2025. *Id.* The warning cited alleged policy violations, including accessing customer information, and allegedly made Mr. Rinaldi ineligible for internal promotions or transfers for six months. *Id.* Mr. Rinaldi responded that his ineligibility was a "direct violation of rights to fair employment opportunities." *Id.* Mr. Rinaldi also alleges that many other employees, including a manager, made negative comments about the same customer in internal chat logs, and faced no disciplinary actions. *Id.* Soon thereafter, Mr. Rinaldi was placed on a performance improvement plan to focus on his "anger." *Id.*

2

On February 19, 2025, Mr. Rinaldi sent a letter to the human resources department alleging retaliation after he submitted his formal complaint on November 1, 2024. *Id.* ¶4. That same month, Mr. Rinaldi filed an allegedly federally mandated "suspicious activity report" to report his concerns about "fraudulent, counterfeit, or suspicious activity." *Id.* ¶5.

On March 4, 2025, Mr. Rinaldi's management initiated an investigation into his suspicious activity report. *Id.* ¶6. Management allegedly found that Mr. Rinaldi had not interacted with the relevant customer since January 16, 2025, and that there was "no suspicious activity or fraud to report." *Id.* Mr. Rinaldi was suspended pending the investigation. *Id.*

On March 13, 2025, Ion Bank terminated Mr. Rinaldi for "violating [the] Privacy Policy, Code of Ethics Policy, and Acceptable Use Agreement" and for accessing a customer's account and filing a suspicious activity report without a "business need and/or purpose." *Id.* ¶7.

On March 25, 2025, Mr. Rinaldi applied for unemployment benefits with the Connecticut Department of Labor ("CTDOL"). *Id.* ¶8.

On April 7, 2025, Ion Bank allegedly informed CTDOL that the reason for his separation was "discharge due to deliberate misconduct." *Id.* Because Ion Bank allegedly failed to provide evidence, CTDOL allegedly found that Mr. Rinaldi's termination was due to reasons other than willful misconduct. *Id.*

On May 1, 2025, Mr. Rinaldi allegedly filed a confidential complaint to Ion Bank's chief executive officer, board of directors, and human resources department through a secure encrypted email system. *Id.* ¶9.

On May 2, 2025, employees from his former department allegedly attempted to access his complaint package. *Id.* These individuals allegedly lacked authority to access the correspondence. *Id.* The same day, Ms. Bastien allegedly sent a message to Mr. Rinaldi's

personal e-mail address requesting access to his complaint, to which Mr. Rinaldi responded, "No. Denied." *Id.*

### B.   Procedural History

On June 10, 2025, Mr. Rinaldi filed a complaint with the United States Department of Labor's Occupational Safety and Health Administration ("OSHA").

On July 30, 2025, the Plaintiff filed a Complaint against the Defendants. *See* Compl. The same day, the Plaintiff filed a motion for leave to proceed *in forma pauperis*, ECF No. 2.

On August 5, 2025, the Court referred the case to Magistrate Judge Robert Richardson for a ruling on the motion for leave to proceed *in forma pauperis*. Order Referring Case, ECF No. 5.

On August 15, 2025, Judge Richardson entered an Order granting the Plaintiff's motion for leave to proceed *in forma pauperis* and found that "the claim [was] sufficient to proceed to service of process on the defendant." Order, ECF No. 12.

On September 4, 2025, the Clerk's office mailed to Mr. Rinaldi the instructions and forms for service of process by the U.S. Marshal's Service on the Defendants. *See Notice*, ECF No. 14 ("USM 285 forms together with Notice of Lawsuit/Request for Waiver of Service of Summons and all instructions mailed to IFP plaintiff to complete and return to Clerk's office.").

On September 18, 2025, Mr. Rinaldi filed a motion to amend or correct the Complaint, ECF No. 15, which the Court granted, Order, ECF No. 18.

On January 8, 2026, OSHA sent Mr. Rinaldi a letter stating that his administrative complaint would be dismissed "[a]s a result of [his] decision to proceed with [his] case in Federal court, rather than before the Secretary of Labor[.]" Exhibit 2, Mem. of Law in Support of Mot. to Dismiss, ECF No. 21.

On January 29, 2026, the Defendants filed a motion to dismiss and an accompanying memorandum of law. Mot. to Dismiss, ECF No. 20; Mem. of Law.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion to dismiss due to "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A motion to dismiss for insufficient service of process "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants [under] Rule 4 of the Federal Rules [of Civil Procedure], which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

## III.    DISCUSSION

"In the absence of proper service, a district court lacks personal jurisdiction over those defendants not properly served." *El Ex-Relatione Dawes v. Whitehead*, No. 3:18-CV-02033 (CSH), 2019 WL 5394578, at *3 (D. Conn. Oct. 22, 2019) (citing, *inter alia*, *Licci ex rel. Licci v. Lebanese Canadian Bank,* SAL, 673 F.3d 50, 59 (2d Cir. 2012). "[[A] 'defendant's *actual* notice' of a complaint does not cure otherwise defective service; the Complaint must have been *properly* served in accordance with state and federal law." *Id.* (citation omitted) (emphasis in original).

The Defendants move to dismiss Mr. Rinaldi's Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and argue that Mr. Rinaldi's failure to serve the Complaint on the Defendants within 90 days of its filing warrants dismissal. Mem. of Law at 2-3.

5

The Court agrees.

"In analyzing a Rule 12(b)(5) motion, the Court must look to service requirements under Federal Rule of Civil Procedure 4." *El Ex-Relatione Dawes*, 2019 WL 5394578, at *4; *see also id.* (setting "forth three specific ways in which service may be properly effectuated on an individual . . . .") (citing Fed. R. Civ. P. 4(e)(2)). Federal Rule of Civil Procedure 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). According to the docket, Mr. Rinaldi never returned the required forms to the Clerk's office, and service of process was never effectuated. Nor has he responded to the Defendants' motion to dismiss or shown good cause for his failure to serve the Defendants within 90 days after the Complaint was filed.[1]

As a result, because Mr. Rinaldi has failed to serve the Defendants or show good cause as to this failure, and given that "[o]nce validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate," *Cole*, 70 F. Supp. 2d at 110 (citations omitted) – a burden not met here – this "Court lacks personal jurisdiction over the Defendants and dismissal of the Complaint is warranted." *El Ex-Relatione Dawes*, 2019 WL 5394578, at *5.

---

[1] Furthermore, Mr. Rinaldi has not pursued his case since September 18, 2025, when he filed motions to amend or correct the Complaint, vacate the standing order, and amend the civil cover sheet, *see* ECF Nos. 15, 16, 17, which the Court resolved on October 16, 2025, *see* Order, ECF No. 18.

Accordingly, the Defendants' motion to dismiss the case will be granted without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** without prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 26th day of June, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE